NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADP Dealer Services, Inc., as successor in-interest to ADP, Inc; and ADP COMMERICAL LEASING, LLC, <br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN CALIFORNIA FLEET SERVICES, INC. d/b/a SOUTHERN CALIFORNIA FLEET SERVICES – CORONA; and SOUTHERN CALIFORNIA FLEET SERVICES, INC. d/b/a SOUTHERN CALIFRONIA FLEET SERVICES, INC. – ESCONDIDO,<br><br>Defendants. | Hon. Dennis M. Cavanaugh<br><br>OPINION<br><br>Civil Action No. 13-334 (DMC)(JAD) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Southern California Fleet Service, Inc. (named in this action as "Southern California Fleet Services, Inc. d/b/a Southern California Fleet Services – Corona" and "Southern California Fleet Services, Inc. d/b/a Southern California Fleet Services, Inc. – Escondido") ("SoCal") for transfer of venue to the Central District of California, Eastern Division pursuant to 28 U.S.C. § 1404(a). (Defs.' Mot. to Transfer, Feb. 22, 2012, ECF No. 8). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendants' Motion to Transfer Venue is **denied.**

I.  **BACKGROUND**[1]

This action was instituted by ADP Dealer Service, Inc. ("ADPDS") and ADP Commercial Leasing, LLC, ("ADPCL") (collectively "Plaintiffs") against SoCal to resolve a contract dispute arising out of SoCal's nonpayment for services and equipment provided by Plaintiffs. Plaintiffs are both incorporated in Delaware with their principal places of business in New Jersey. ADPDS is the successor-in-interest of ADP, Inc. to the Master Service Agreement ("MSA") at issue in this lawsuit. SoCal is incorporated in California and headquartered in Corona, California.

ADPDS entered into a MSA with SoCal to provide programs, equipment, and services to SoCal to help operate and run their business. The MSA was signed by SoCal on May 26, 2011, and countersigned by ADPDS on July 13, 2011. Payments were to be remitted to Illinois. ADPDS claims that SoCal stopped making payments on the MSA between late summer and early fall 2012 and owes ADPDS $127,603.69, plus additional accruing late charges, interest, and fees.

SoCal also entered into two equipment leases with ADPCL (the "Leases") that were administered from ADPCL's New Jersey offices. Pursuant to the Leases, SoCal was obligated to make sixty (60) monthly payments under each Lease. ADPCL claims SoCal only made two (2) payments on each lease and failed to make any subsequent payments. Therefore, ADPCL alleges that SoCal owes $59,653.52, plus additional accruing late charges, interest, and fees.

Both the MSA and the leases contain forum selection clauses that require SoCal to consent to jurisdiction in federal court in the State of New Jersey and designate the U.S. District Court, District of New Jersey, Newark, New Jersey as proper venue. The Leases state that the they were accepted and negotiated in New Jersey. The MSA and Leases also specify that they

---

[1] The facts contained herein are taken from the parties' respective moving papers.

are governed by the laws of the State of New Jersey.

Plaintiffs stated that all of its witnesses are in either New Jersey or Texas, while SoCal stated that its witnesses are in California. SoCal asserts that one witness, an Account Development Executive named Edward Prisco ("Prisco") employed by Plaintiffs at the time of the dispute, would likely be unwilling to travel to New Jersey. All of the relevant documents can be accessed electronically. SoCal contends that it would incur great expense shipping its equipment to New Jersey to present as evidence, but Plaintiffs stated that the equipment belongs to Plaintiffs and is being returned to Plaintiffs' control.

On January 8, 2013, SoCal filed a complaint in the Superior Court of the State of California, County of Riverside against the Plaintiffs, seeking to rescind the agreements made between the parties based on alleged intentional fraud and negligent misrepresentation. On January 16, 2013 Plaintiffs commenced this action in New Jersey. On February 22, 2013, SoCal filed a motion to transfer the New Jersey action to the United States District Court for the Central District of California, Eastern Division (CDCA). On April 1, 2013, after Plaintiffs removed the Defendant's California action to federal court, the CDCA granted Plaintiffs motion to dismiss the action based on the forum selection clause. (ECF No. 24).

## II. LEGAL STANDARD

The decision of whether to transfer a case is committed to the trial court's sound discretion. Cadapult Graphic Sys. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000); Days Inns Worldwide, Inc. v. RAM Lodging, LLC, No. 09–2275, 2010 WL 1540926, at *2 (D.N.J. April 14, 2010). In relevant part, 28 U.S.C. § 1404(a) states, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it may have been brought." 28 U.S.C. § 1404(a). Pursuant to 28 U.S.C.

§ 1391(a), venue is proper "in a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

In construing the statutory language of 28 U.S.C. § 1404(a), the Third Circuit has pointed out that "commentators have called on the courts to consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Jumara v. State Farm Ins. Co., 55 F. 3d 873, 879 (3d Cir. 1995). As enumerated by the Jumara Court,

> There are a number of relevant private and public factors a court should consider in deciding a motion to transfer. The private factors include: (1) Plaintiff's choice of forum; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of witnesses, only to the extent that they may be unavailable for trial in one of the fora; and (6) the location of books and records, again only to the extent that they could not be produced in one of the fora. The public interests include: (1) enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulties in the two fora resulting from court congestion; (4) local interests in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

Id. at 879-880. Therefore, the Court must engage in a two-part analysis to determine whether a motion to transfer venue should be granted. As a threshold matter, the Court must decide whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in that district in the first instance. Lawrence v. Xerox Corp., 56 F. Supp. 2d 442,

4

450 (D.N.J. 1999). The Court must then conduct an "individualized, case-by-case consideration of convenience and fairness" regarding which forum is most appropriate to consider the case. Id. "There is no rigid rule governing a court's determination; 'each case turns on its facts.'" Id. (citing Lacey v. Cessna Aircraft Co., 862 F.2d 38, 43 (3d Cir. 1988) (internal citations omitted)).

The burden of persuasion falls upon the moving party on a motion to transfer. Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 502 (D.N.J. 1998). Moreover, "[t]he burden is not on the Plaintiff to show the proposed alternative forum is inadequate. Rather, the burden is on the moving party to show the proposed alternative forum is not only adequate, but also more convenient than the present forum." Rappoport, 16 F. Supp. 2d at 498. A "[t]ransfer analysis under § 1404 is a flexible and individualized analysis and must be made on the unique facts presented in each case." Id.

### III. DISCUSSION

#### A. Enforceability of Forum Selection Clause

Plaintiffs contend that transfer is inappropriate because SoCal has waived its right to object to venue in New Jersey pursuant to the forum selection clause contained in MSA and Leases. "In federal court, the effect to be given a contractual forum selection clause in diversity cases is determined by federal, not state, law." Jumara, 55 F.3d at 877. Under federal law, a forum selection clause is presumptively valid and enforceable unless the objecting party "establishes (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983); see also M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15 (1972).

While the forum selection clause is entitled to substantial consideration, it should not be given dispositive weight, and is rather one factor to be considered in the convenience-of-the-parties consideration. Jumara, 55 F.3d at 880; see also Plum Tree, Inc. v. Stockment, 488 F.2d 488 F.2d 754, 758 (3d Cir.1973) (a forum selection clause is a private agreement between the parties that only addresses the convenience of the parties and cannot automatically outweigh the other § 1404(a) factors). The party resisting the enforcement of a valid forum selection clause bears the burden of demonstrating that the choice of forum should not be enforced. RAM Lodging, 2010 WL 1540926, at *2.

Here, Defendants do not contend that the forum selection clause is unenforceable. Moreover, there is no evidence or allegations of fraud or overreaching and the Defendant has not demonstrated that litigation in New Jersey would be so inconvenient as to be unreasonable. The forum selection clause is therefore presumptively valid. However, the Court must engage in the analysis to determine whether transfer to the Central District of California would be appropriate under the circumstances.

### B. Analysis of Venue in Central District of California

As a threshold matter, we must decide whether the transferee forum has proper jurisdiction and venue to hear the instant action. Lawrence v. Xerox Corp., 56 F. Supp. 2d 442, 450 (D.N.J. 1999). Here, subject matter jurisdiction exists under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000. Personal jurisdiction in the Central District of California exists because the defendant is a California corporation headquartered in Corona, California. Venue is proper under 28 U.S.C. § 1391 (1) because the defendant resides in the Central District of California.

### C. Private and Public Factors Weigh in Favor of Denying the Motion to Transfer

Having demonstrated that the instant action could have been brought in the Central District of California, Defendants must further demonstrate that their chosen forum is not only adequate, but also more convenient than the present forum. Lawrence, 56 F. Supp. 2d at 451. The Court must balance the various private and public interests in making this determination.

1. **Private Factors**

    a. **Plaintiffs' Forum Preference**

A plaintiff's choice of forum is given great weight in a § 1404(a) analysis and should not be disturbed unless the balance tips strongly in favor of the defendant. See Lawrence, 56 F. Supp. 2d at 452 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)); see also Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (1970) ("It is black letter law that Plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed.") (internal marks omitted). However, a plaintiff's interest in a choice of forum decreases where "the central facts of a lawsuit occur outside the chosen forum." In re Consolidated Parlodel Litigation, 22 F. Supp. 2d 320, 323–24 (D.N.J. 1998); see also RAM Lodgings, 2010 WL 1540926 at *6 (allowing transfer in spite of forum selection clause when nearly all of Defendants' alleged failure to perform occurred outside the chosen forum); Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC, No. 05–2309, 2006 WL 1675067, at *3 (D.N.J. June 15, 2006) (allowing transfer when all the relevant acts giving rise to the action occurred in the transferee state and the real property the subject of the suit was located in the transferee state).

Here, Plaintiffs decided to pursue their claims against SoCal in federal court in New Jersey to pursue its claims against SoCal. Additionally, Plaintiffs are located within New Jersey, the leases in question were administered from ADPCL's offices in New Jersey and as discussed

below the central facts of the lawsuit occurred within New Jersey. Therefore, Plaintiffs choice of litigating in New Jersey receives substantial weight.

### b. Defendant's Forum Preference

The Court gives SoCal's forum preference of California very little weight due to the provisions of the forum selection clause. In <u>Plum Tree, Inc. v. Stockment</u>, the Third Circuit found that, "[a] valid forum-selection agreement may be treated as a waiver by the moving party of its right to assert its own convenience as a factor favoring a transfer from the agreed upon forum." 488 F.2d 754, n. 7 (3d Cir. 1973); <u>see also</u> <u>General Elec. Credit Corp. v. Toups</u>, 644 F. Supp. 11, 15-16 (S.D.N.Y. 1986) (holding that the forum selection clauses contained in the agreements was "determinative as to the convenience of the parties.") Here, SoCal agreed to litigate in New Jersey through the forum selection cause and therefore the Court will not afford weight its preference to litigate in California.

### c. Where the Claim Arose

This factor favors Plaintiffs because the claim arose in New Jersey. The leases in question were administered from ADPCL's office in New Jersey and the leases specifically stated that they were negotiated and accepted in the State of New Jersey. Payments were remitted to Illinois and SoCal's account was being handled by ADPDS representatives located in Texas. SoCal contends that all claims arose in California. However, while SoCal extensively cites the Plaintiffs' alleged misrepresentations concerning the products the Plaintiffs supplied SoCal in California, this case concerns SoCal's alleged breach of contract and non-payment, not the claims contained in SoCal's dismissed suit against the Plaintiffs. Therefore, as the agreements in question were administered, accepted, and negotiated in New Jersey, the Court agrees with the Plaintiffs that the claim arose in New Jersey.

### d. Convenience of the Parties

The convenience of the parties as indicated by their relative physical and financial condition must be weighed in determining a motion to transfer. This Court has recognized the financial convenience of the parties to weigh in favor of transfer when one party has provided a supporting certification that they have limited resources to support out-of-state litigation. See Travelodge Hotels, Inc. v. Perry Developers, Inc., Civ. No. 11-1464, 2011 WL 5869602 (D.N.J. Nov. 22, 2011). In this case SoCal has not provided any certification asserting limited resources. Therefore, while litigating in New Jersey may be less convenient for SoCal, SoCal has provided no reason why their relative physical and financial condition weighs in favor of the motion to transfer.

### e. Convenience of Witnesses

"Witness convenience should be considered only to the extent that any witness may actually be unavailable for trial in one of the fora." Jumara, 55 F.3d at 879. To the extent that identified key witnesses are beyond the compulsory process of this court, this factor weighs in favor of transfer to the alternative forum. See Ramada Worldwide, Inc. v. Bellmark Sarasota Airport, LLC, Civ. No. 05-2309, 2006 WL 1675067, at *4 (D.N.J. June 15, 2006). All of Plaintiff's witnesses are in either New Jersey or Texas, while SoCal's witnesses are in California. SoCal asserts that its witness Prisco would likely be unwilling to travel to New Jersey and that the Central District of California has a better chance of compelling him to attend deposition or trial as an unwilling witness. (Def.'s Br. 14, Feb. 22, 2013, ECF No. 14). However, the Court agrees with Plaintiffs that without firsthand knowledge of Prisco's current location or willingness to travel to New Jersey, SoCal's argument is only speculative. (See Pls.' Br, Mar. 18, 2013, ECF No. 17). Therefore, this factor does not weigh heavily favor of the motion to transfer.

### f. Location of Books and Records

Finally, the location of the relevant documents will only be considered to the extent that the documents relevant to the litigation would be unduly burdensome or expensive to transport to either forum. See RAM Lodging, 2010 WL 1540926, at *7. SoCal concedes that relevant documents can be produced electronically. (Def.'s Br. 15). However, SoCal contends that software products and related equipment located in California could not be easily transported to New Jersey. (Def.'s Br. 15). This Court recognizes that the software and equipment belongs to Plaintiffs and is being returned to Plaintiffs' control, so this factor does not render California a more convenient forum.

### 2. Public Factors

### a. Enforceability of the Judgment

The enforceability of the judgment factor weighs heavily in favor of the Plaintiffs because the United States District Court for the Central District of California (CDCA) has dismissed the Defendant's action against the Plaintiff, finding that the forum selection clause precludes SoCal from litigating outside of New Jersey. (See CDCA Decision 5, Apr. 1, 2013, ECF No. 24-2). While a judgment from this Court is enforceable against SoCal, the CDCA would not accept this case, never mind enforce a judgment.

### b. Practical Considerations

This factor does not heavily weigh on for either side, because cross-country litigation will require expenses from the parties regardless of the forum. The parties have witnesses based in New Jersey and California and both claim that they would need to transport documentation or equipment if the case is not heard in their preferred forum.

### c. Administrative Efficiency

Administrative efficiency favors the Plaintiffs, as the CDCA has dismissed the case involving this dispute that was brought in its Court. Therefore, this Court would be render a disservice to its own and the CDCA's judicial economy by transferring a case that the CDCA will not hear.

### d. Local Interest, Public Policy and Familiarity with the Applicable State Law

These factors weigh in favor of the Plaintiffs, as this Court has an interest in deciding a local controversy that implicates New Jersey law, New Jersey businesses, and New Jersey contracts. Further, this Court is more accustomed to application of New Jersey law, which governs the MSA and leases.

## IV. CONCLUSION

Based on its consideration of each of the factors discussed above, Defendant's Motion to Transfer to the United States District Court for the Central District of California is **denied**.

Dennis M. Cavanaugh, U.S.D.J.

cc: Hon. Joseph A. Dickson
Counsel of Record
File