**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| ADP DEALER SERVICES, INC., as successor-in-interest to ADP, Inc., and ADP COMMERCIAL LEASING, LLC, | Civil Action No. 2:13-334 (DMC) (JAD) |
| Plaintiffs, | |
| -against- | |
| SOUTHERN CALIFORNIA FLEET SERVICES, INC. D/B/A SOUTHERN CALIFORNIA FLEET SERVICES – CORONA and SOUTHERN CALIFORNIA FLEET SERVICES, INC. D/B/A SOUTHERN CALIFORNIA FLEET SERVICES, INC. – ESCONDIDO, | **Motion Returnable: September 16, 2013** **Document Filed Electronically** |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S**
**MOTION FOR RECONSIDERATION AND**
**IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SANCTIONS**

Robert J. Rohrberger, Esq.
Lauren J. Talan, Esq.
FOX ROTHSCHILD LLP
75 Eisenhower Parkway, Suite 201
Roseland, NJ 07068-1600
(973) 992-4800
(973) 992-9125 (fax)
rrohrberger@foxrothschild.com
ltalan@foxrothschild.com
*Attorneys for Plaintiffs ADP Dealer Services, Inc.*
*and ADP Commercial Leasing, LLC*

*On the Brief:*
Robert J. Rohrberger, Esq.
Lauren J. Talan, Esq.

22314908

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

RELEVANT PROCEDURAL HISTORY ...............................................................1

LEGAL ARGUMENT ............................................................................................2

POINT I
DEFENDANT'S MOTION FOR RECONSIDERATION MUST BE DENIED ..........................2

    A.    Defendant's Motion Does Not Satisfy the Prerequisites for a Motion for
            Reconsideration. ..................................................................................2

    B.    The Court Correctly Noted that there are No Pending Claims by
            Defendant Against Plaintiffs ..............................................................4

    C.    The Court Accurately Noted that the Agreements State that they were
            Negotiated In New Jersey ...................................................................6

    D.    The Court Correctly Concluded that Plaintiffs' Claims Arose in New
            Jersey ...................................................................................................6

    E.    The Plaintiffs' and Defendant's Choice of Forum Were Properly
            Considered ...........................................................................................7

    F.    The Forum Selection Clause Unambiguously Provides for Venue in
            New Jersey ...........................................................................................8

    G.    The Unknown Availability of One Witness Is Not Determinative Of
            Proper Venue .......................................................................................9

POINT II
DEFENDANTS SHOULD BE SANCTIONED FOR FILING  A FRIVOLOUS
MOTION FOR RECONSIDERATION ...............................................................10

CONCLUSION .....................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Bayete v. Corzine,
   No. 08-3941, 2011 WL 4528141 (D.N.J. Sept. 28, 2011), aff'd, sub nom. Bayette v.
   Ricci, 489 F. App'x 540 (3d Cir. 2012)...................................................................................3

Byrne v. Calastro,
   No. 05-cv-68, 2006 WL 2506722 (D.N.J. Aug. 28, 2006)................................................3, 4, 5

CPS MedManagement LLC v. Bergen Regional Medical Center, L.P.,
   --- F.Supp.2d ----, 2013 WL 1405920 (D.N.J. April 5, 2013)...............................................3, 9

Eichorn v. AT & T Corp.,
   No. Civ. A. 96-3587(MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999)..............................4

Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,
   680 F.Supp. 159 (D.N.J. 1988)...............................................................................................6

In re Consolidated Parlodel Litigation,
   22 F.Supp.2d 320 (D.N.J. 1998)..............................................................................................6

Leja v. Schmidt Mfg.,
   743 F.Supp.2d 444 (D.N.J. 2010)............................................................................................8

Maldonado v. Lucca,
   636 F.Supp. 621 (D.N.J. 1986).................................................................................................3

Max's Seafood Café v. Quinteros,
   176 F.3d 669 (3d Cir. 1999) ....................................................................................................2

Mitchell v. Township of Willingboro Municipality Government,
   913 F.Supp.2d 62 (D.N.J. 2012)..............................................................................................2

Morris v. Siemens Components, Inc.,
   938 F.Supp. 277 (D.N.J. 1996)............................................................................................4, 6

NL Indus. Inc. v. Commercial Union Ins., Co.,
   935 F.Supp. 513 (D.N.J. 1996)...........................................................................................3, 11

Oritani Sav. & Loan Ass'n v.. Fidelity & Deposit Co.,
   744 F.Supp. 1311 (D.N.J. 1990)..........................................................................................3, 4

P. Schoenfeld Asset Management LLC v. Cendant Corp.,
   161 F.Supp.2d 349 (D.N.J. 2001)......................................................................................3, 10

Shutte v. Armco Steel Corp.,
    431 F.2d 22 (1970) ...........................................................................................................7

Tischio v. Bontex, Inc.,
    16 F.Supp.2d 511 (D.N.J. 1998)....................................................................................11

Travelodge Hotels, Inc. v. Perry Developers, Inc.,
    2011 WL 5869602 (D.N.J. Nov. 22, 2011) .................................................................8, 9

United States v. Jones,
    158 F.R.D. 309 (D.N.J. 1994) .........................................................................................2

Yurecko v. Port Auth. Trans. Hudson Corp.,
    279 F.Supp.2d 606 (D.N.J. 2003)....................................................................................4

**STATUTES**

28 U.S.C. § 1927 ...................................................................................................................10

**RULES**

F.R.C.P. 7.1(i)..........................................................................................................................2

F.R.C.P. 11(b)........................................................................................................................10

F.R.C.P. 56 ..............................................................................................................................2

22314908

## PRELIMINARY STATEMENT

This case arises out of a master service agreement ("MSA") and equipment leases ("Equipment Leases") (collectively referred to as the "Agreements") between plaintiffs ADP Dealer Services, Inc., and ADP Commercial Leasing, LLC (collectively, "Plaintiffs") and defendant Southern California Fleet Services, Inc. ("Southern" or "Defendant"). Both the MSA and Equipment Leases contain a New Jersey choice of law clause and a New Jersey forum selection clause. Two courts have now rejected Southern's efforts to subvert the agreed-to forum selection clauses. In May 2013, the United States District Court for the Central District of California dismissed a case that Southern filed against Plaintiffs in California. Nevertheless, Southern proceeded with its motion to transfer this case to that very court. On August 8, 2013, this Court denied that motion. Southern now seeks yet another bite of the apple and has moved for reconsideration of this Court's August 8 Order. However, Southern merely reasserts the same arguments that it made in support of its original motion. This not only falls far short of the heavy burden associated with a motion for reconsideration, it is improper and should be sanctioned. Plaintiffs' should be awarded their attorney's fees in responding to this frivolous motion.

## RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this case on January 16, 2013. On February 22, 2013, Defendant filed a motion in lieu of an answer, seeking to transfer this action to the Central District of California, Eastern Division. On August 8, 2013, this Court denied Defendant's motion. On August 23, 2013, Defendant filed its motion, seeking reconsideration of the Court's

22314908

August 8, 2013 Order.[1]

In a related matter, Southern filed a complaint against ADPDS in State court in California on January 8, 2013. ADPDS removed that case to the Central District of California on February 7, 2013. On April 1, 2013, the Central District granted ADPDS' motion to dismiss the Central District of California case on the grounds that, pursuant to the forum selection clauses in the MSA and Equipment Leases, the appropriate forum was in New Jersey State or Federal Court.

## LEGAL ARGUMENT

### POINT I

### DEFENDANT'S MOTION FOR RECONSIDERATION MUST BE DENIED

**A.      Defendant's Motion Does Not Satisfy the Prerequisites for a Motion for Reconsideration.**

Motions for reconsideration in the District of New Jersey are governed by Local Civil Rule 7.1(i). Mitchell v. Township of Willingboro Municipality Government, 913 F.Supp.2d 62, 77 (D.N.J. 2012). Pursuant to that rule, a party seeking reconsideration shall file "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." The standard for reconsideration is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). Thus, to comply with this requirement, the movant must establish either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). To prevail under the third prong, which Southern is moving under, the movant must show that

---

[1]      Additionally, currently pending before this Court is Plaintiffs' motion, pursuant to Federal Rule of Civil Procedure 56, for partial summary judgment on Count Six of Plaintiffs' Complaint (Repossession of Equipment) seeking an order requiring Defendant to return Plaintiffs' equipment, and for attorney's fees and costs.

22314908

"dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F.Supp.2d 349, 353 (D.N.J. 2001) (internal quotations and citations omitted).

Motions for reconsideration are an "extraordinary remedy" only "to be granted sparingly." NL Indus. Inc. v. Commercial Union Ins., Co., 935 F.Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J. 1986); Byrne v. Calastro, No. 05-cv-68, 2006 WL 2506722, at *1 (D.N.J. Aug. 28, 2006) (Cavanaugh, J.); Bayete v. Corzine, No. 08-3941, 2011 WL 4528141, at *5 (D.N.J. Sept. 28, 2011) (specifying that, because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted sparingly), aff'd, sub nom. Bayette v. Ricci, 489 F. App'x 540 (3d Cir. 2012).

"Reconsideration is not warranted, however, where (1) the movant simply repeats the cases and arguments previously analyzed by the court, or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." CPS MedManagement LLC v. Bergen Regional Medical Center, L.P., --- F.Supp.2d ----, 2013 WL 1405920, 22 (D.N.J. April 5, 2013) (internal citations omitted). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." NL Indus. Inc., 935 F.Supp. at 515-516; see also P. Schoenfeld Asset. Mgmt., L.L.C., 161 F.Supp.2d at 352. As this Court has stated, "[i]t is improper for a motion for reconsideration to 'ask the court to rethink what it ha[s] already thought through-rightly or wrongly.' Byrne, No. 05-cv-68, 2006 WL 2506722, at *1 quoting Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F.Supp. 1311, 1314 (D.N.J. 1990). Furthermore, facts are not deemed to have been "overlooked" simply because they appear not to have been specifically addressed in a court's opinion. "[A]n argument may be regarded as having been considered if it

3

is presented to the court in written submissions and in oral argument". Byrne, No. 05-cv-68, 2006 WL 2506722, at *2 citing Eichorn v. AT & T Corp., No. Civ. A. 96-3587(MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999).

Applying these standards to the pending motion for reconsideration, Southern has not met its burden. Southern has not raised a single issue that this Court has not already considered. Southern is merely disagreeing with the Court's conclusions regarding those facts. Reargument of the same points is not only insufficient as a basis for reconsideration, it is "improper" and "inappropriate". See Byrne, No. 05-cv-68, 2006 WL 2506722, at *1. See also Oritani S&L, 744 F.Supp. at 1314 ("A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly."); Yurecko v. Port Auth. Trans. Hudson Corp., 279 F.Supp.2d 606, 609 (D.N.J. 2003) (Noting that a party's "mere disagreement" with the Court's decision does not warrant reconsideration.); Morris v. Siemens Components, Inc., 938 F.Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument."). Southern's motion raises nothing except old arguments and its disagreement with the Court's conclusions. Therefore, its motion has no merit and should be denied and, as discussed below, sanctions should be granted.

**B.      The Court Correctly Noted that there are No Pending Claims by Defendant Against Plaintiffs**

Southern asserts that the Court "overlooked" and did not give proper consideration to the claims that Southern asserted against ADP in the dismissed California action. [Dkt. No. 32-1, pp. 4-5] This is simply false. Southern included a copy of its California complaint as Exhibit C to the Declaration of Heidi Sorvino [Dkt. No. 8-11] and the Court specifically referenced Southern's California complaint, as well as the California Court's decision that dismissed that

complaint. [Dkt. No. 30, pp. 8, 10]. There is no question that the Court was aware of Southern's

dismissed claims. See Byrne, No. 05-cv-68, 2006 WL 2506722, at *2.

Southern's quarrel is with this Court's observation that those claims have not been

asserted in this case. This is simply a fact. Southern cannot deny that it has not asserted any

claims against Plaintiffs in this case. The only claims before this Court are contained in

Plaintiffs' Complaint. Therefore, Southern's argument that the Court "should have considered

*all* allegations when deciding the Transfer Motion" is specious, because the Court did consider

all the allegations that are currently pending before the Court – the allegations in Plaintiffs'

Complaint. Southern has cited no authority for the proposition that a court must consider

potential unasserted claims when evaluating the merits of a motion to transfer.

Moreover, based on Southern's own view of the case, its claims against Plaintiffs must be

asserted in New Jersey. Southern argued that Plaintiffs claims should be transferred because the

forum selection clause was "permissive" with regard to such claims, in that Plaintiff was given

the right yo sue in New Jersey, or in another forum if it chose to do so. But the clause is not

"permissive" regarding Southern's unasserted claims. The Agreements clearly state that any

claims Southern seeks to bring *against* Plaintiffs *must* be brought in New Jersey (and these

contract provision were upheld by the California court)[2]. Southern's alleged claims against

Plaintiffs militate against a motion to transfer this case from New Jersey. Those claims *must* be

brought in New Jersey.

Accordingly, the Court properly considered Southern's dismissed claims against

Plaintiffs and found that they did not affect venue. The fact that Southern disagrees with the

Court's conclusion is not proper for reconsideration and Southern's motion should be denied.

---

[2]      Southern notes that the dismissal was without prejudice, as if that supports Southern's argument, but the
reason for the dismissal without prejudice was to allow Southern to assert those claims in the proper forum, the state
or federal courts of New Jersey. It was not to allow those claims to somehow circle back to California.

**C.** **The Court Accurately Noted that the Agreements State that they were Negotiated In New Jersey**

Southern admits that the Equipment Leases contain language stating that that they were negotiated and accepted in the State of New Jersey [Dkt. No. 32-1, p. 5] and by executing them, Southern agreed that the Equipment Leases would be considered "negotiated and accepted in the State of New Jersey." (*See* Affidavit of Kenneth Schlegel ("Schlegel Aff.") [Dkt. No. 20], Exhibits A and B, paragraphs 12 [Dkt. No. 20-1]). Southern seeks reconsideration based on its contention that the Equipment Leases were negotiated in California. Southern made the same argument in connection with its original transfer motion [Dkt. No. 22, p.8, n.2] and the Court is deemed to have considered the arguments that were presented. Southern's dissatisfaction with the Court's decision to rely on the specific Equipment Leases provisions is not a basis for a motion for reconsideration.

The law is clear that a party's mere disagreement with the court's decision and order "should be dealt with in the normal appellate process, not on a motion for reargument under [the] Local Rule." Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988). See also Morris, 938 F.Supp. at 278. "[E]ven the most legitimate disagreement" with the Court's assessment is insufficient to justify reconsideration. In re Consolidated Parlodel Litigation, 22 F.Supp.2d 320 (D.N.J. 1998).

Southern's unhappiness with the Court's analysis and conclusion cannot support a motion for reconsideration. The Court applied the facts to the law and ruled against Southern. Reconsideration is not called for and Southern's motion should be denied.

**D.** **The Court Correctly Concluded that Plaintiffs' Claims Arose in New Jersey**

Southern further disagrees with the Court's conclusion that Plaintiffs' claim arose in New Jersey. [Dkt. No. 32-1, p. 6] The Court considered Southern's argument that the Plaintiffs'

22314908

claims arose in California – "SoCal contends that all claims arose in California." [Dkt. No. 30, p. 8] Similarly, the Court considered Southern's argument in its motion that "payments were *not* to be made to a New Jersey address, but rather to an Illinois location". The Court specifically references that fact its decision. [Dkt. No. 30, p.8] However, based on all the facts, the Court rejected Southern's position and concluded that the claims arose in New Jersey. Southern's displeasure with the Court's conclusions is not an appropriate ground for reconsideration and Southern's motion should be denied.

Additionally, Southern incorrectly contends that the Court made an error of fact regarding the principal place of business of ADPDS [Dkt. 32-1, pp.3-4]. While ADPDS conducts operations in both New Jersey and Illinois, ADPDS considers New Jersey to be its principal place of business as previously stated in ADPDS' motion to dismiss filed in the California action, as stated in ADPDS' New Jersey Complaint and also as reflected in ADPDS' application for authority to transact business in Illinois (attached hereto as Exhibit A). It should be noted that Southern has not disputed the fact that defendant Commercial Leasing has its principal place of business in New Jersey.

**E.    The Plaintiffs' and Defendant's Choice of Forum Were Properly Considered**

Southern also disagrees with the Court's application of "black letter law that plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (1970). Contrary to Southern's belief, the Court specifically noted that "a plaintiff's interest in a choice of forum decreases where "the central facts of a lawsuit occur outside the chosen forum." [Dkt. No. 30, p. 7] Southern points to no new evidence that was not presented, or could not have been presented, to the Court that would change the resulting analysis. The Court went through a detailed analysis and concluded that the claims arose in New Jersey. Therefore, there are no

7

grounds for reconsideration.

Furthermore, Southern's disappointment that its forum preference was afforded "very little weight" is nothing more than that – disappointment that the Court did not rule in its favor and not a clear error of law or fact. The forum selection clauses in the Agreements provides exclusive jurisdiction in New Jersey for any claims brought by Southern and gives Plaintiff the right to file any of its claims in New Jersey. Since Southern is bound by the forum selection clause, it has no valid argument that it should be allowed to side-step that provision and have its preference given anything more than "little weight".

A decision suffers from "clear error" only when "the record cannot support the findings that led to that ruling." Leja v. Schmidt Mfg., 743 F.Supp.2d 444, 456 (D.N.J. 2010). The Leja court further held that "a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration" and must show that the holdings "were without support in the record" or "would result in a manifest injustice if not addressed." Southern has shown neither.

F.      **The Forum Selection Clause Unambiguously Provides for Venue in New Jersey**

Southern relies heavily on the case Travelodge Hotels, Inc. v. Perry Developers, Inc., 2011 WL 5869602, *5 (D.N.J. Nov. 22, 2011) (Cavanaugh, J.); however, that case is factually distinguishable and this Court applied the same legal analysis there as in this case and the fact that this Court denied a transfer in this case and granted in transfer in Travelodge Hotels is inconsequential and does not support reconsideration.

In Travelodge Hotels, the Court concluded that the activities giving rise to the litigation occurred in Missouri, as opposed to New Jersey, whereas here, the Court found that the activities giving rise to this litigation occurred in New Jersey. Moreover, in Travelodge Hotels, the applicable forum selection clause was permissive as to all parties and did not prohibit the

8

defendant's from seeking Missouri as the proper forum. 2011 WL 5869602, *5. Here, however, Southern is subject to a partially mandatory forum selection clause and has waived its right to pursue its claims outside of New Jersey. The fact that Plaintiffs may bring a claim in other jurisdictions does not alter Southern's waiver. Southern's repeated reliance on Travelodge Hotels, which the Court cited in the August 8 Opinion, only further shows Southern's mere disappointment in the Court's conclusion, which is improper grounds to seek reconsideration. Accordingly, the venue provisions in the Agreements should be accorded significant weight and not be disturbed.

### G.     The Unknown Availability of One Witness Is Not Determinative Of Proper Venue

Southern argues that venue should not be in New Jersey because a potential witness' location is unknown and Southern assumes it will be easier to compel attendance at trial if this matter were venued in California. [Dkt. No. 32-1, p. 9]   Southern already presented these issues to the Court in its moving papers [Dkt. No. 8-1, p. 15] and provides no new information concerning this witness' location to warrant reconsideration. Thus, while Southern is unhappy with the Court's analysis and conclusion with respect to the availability of this witness, the Court's conclusion is not manifest injustice. See CPS MedManagement LLC, --- F.Supp.2d ----, 2013 WL 1405920,* 22 ("Reconsideration is not warranted, however, where (1) the movant simply repeats the cases and arguments previously analyzed by the court, or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision.").

The Court has already considered Southern's arguments on this issue and decided that the whereabouts of one of Southern's potential witnesses is too speculative and not a factor to be heavily considered on the motion to transfer. [Dkt. No. 30, p. 9]   With no new evidence in support of reconsideration, Southern has not satisfied its burden and reconsideration is should be

22314908

denied.

Southern has the burden of proving that reconsideration is necessary and appropriate. Southern has failed to satisfy any of its burdens and has simply reasserted all of the same arguments it raised in its moving papers. Southern's motion is nothing more than an attempt to re-argue what it has already argued to this Court due to its disagreement with the Court's analysis and conclusion on its prior motion to transfer. For these reasons, Southern's motion to reconsideration should be denied.

## POINT II

### DEFENDANTS SHOULD BE SANCTIONED FOR FILING A FRIVOLOUS MOTION FOR RECONSIDERATION

Southern has filed a frivolous motion and should therefore be sanctioned. 28 U.S.C. § 1927 provides for the imposition of sanctions against "any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Federal Rule of Civil Procedure ("F.R.C.P.") 11 permits the court to impose sanctions where a motion is presented for any improper purpose, such as to harass, cause unnecessary delay, or to needlessly increase the cost of litigation, and where the legal contentions are not warranted by existing law or where the factual contentions are not warranted on the evidence. F.R.C.P. 11(b). For the reasons explained in detail in Point I above, Southern's motion for reconsideration is frivolous and has no merit and warrants sanctions.

Southern sought reconsideration on the grounds that the Court needed to correct a clear error of law or fact to prevent manifest injustice. To prevail, Southern must be able to show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." P. Schoenfeld Asset Management LLC, 161 F.Supp.2d at 353. Southern

10

has not shown that <u>any</u> factual maters or controlling decisions were not considered by this Court, and, instead, raised all of the same arguments that it previously made in support of its prior motion to transfer venue. This is completely improper on a motion for reconsideration. <u>NL Indus., Inc.</u>, 935 F.Supp. at 516 ("Reconsideration motions ... may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."); <u>Tischio v. Bontex, Inc.</u>, 16 F.Supp.2d 511, 533 (D.N.J. 1998) (Confirming that "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple.").

There are no facts before this Court that could justify Southern's motion for reconsideration. Southern had no rational basis to seek reconsideration and the filing of the motion has caused unnecessary delay by reason of Southern not filing its answer to the Complaint (which was filed on January 16, 2013) and has caused Plaintiffs to incur unnecessary cost and attorneys' fees in having to prepare opposition papers to the motion for reconsideration. Southern should, therefore, be sanctioned in an amount determined by the Court and be required to pay Plaintiffs' attorneys' fees and costs in having to prepare and submit their response to this motion.

## CONCLUSION

For the reasons set forth herein and in Plaintiffs' moving papers, Plaintiffs are entitled to partial summary judgment, granting them repossession of the Equipment and for attorney's fees and costs.

Dated: September 3, 2013                Respectfully submitted,

By:    s/ Robert J. Rohrberger
       Robert J. Rohrberger
       75 Eisenhower Parkway
       Roseland, New Jersey 07068
       *Attorneys for Plaintiffs,*
       *ADP Dealer Services, Inc. and*
       *ADP Commercial Leasing, LLC*

11

22314908