## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADP DEALER SERVICES, INC., as successor-in-interest to ADP, Inc., and ADP COMMERCIAL LEASING, LLC, | : : : : | **Hon. Dennis M. Cavanaugh** |
| Plaintiffs, | : : : | **OPINION AND ORDER** |
| v. | : : | Civil Action No. 2:13-cv-00334 (DMC) (JBC) |
| SOUTHERN CALIFORNIA FLEET SERVICES, INC. d/b/a SOUTHERN FLEET SERVICES – CORONA and SOUTHERN CALIFORNIA FLEET SERVICES, INC. d/b/a SOUTHERN CALIFORNIA FLEET SERVICES, INC. - ESCONDIDO, | : : : : : : : : | |
| Defendants. | : : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff ADP Dealer Services, Inc., and Plaintiff ADP Commercial Leasing, LLC (collectively, "Plaintiffs") seeking partial summary judgment pursuant to Fed. R. Civ. P. 56 on Count Six of Plaintiffs' Complaint (Repossession of the Equipment) (Compl. ¶¶ 68-71, January 16, 2013, ECF No. 1) and an order compelling Defendant Southern California Fleet Services, Inc. ("Defendant") to return all of the Equipment that it leased from Plaintiffs (the "Equipment") pursuant to the terms of the Master Services Agreement signed by Defendant on May 26, 2011 ("MSA") and the two Equipment Leases signed by Defendant on August 18, 2011 (collectively, "Leases"). (Mot. for Partial Summ. J., May 10, 2013, ECF No. 26). Plaintiffs also seek attorney's fees and costs, as provided for under

the terms of the MSA and Leases. Pursuant to FED. R. CIV. P 78, no oral argument was heard. After considering all submissions, and based upon the following;

**WHEREAS** summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); FED. R. CIV. P. 56(c);

**WHEREAS** it is undisputed that Defendant leased the Equipment from Plaintiffs pursuant to the MSA and the Leases but has not made the required monthly payments since November 2012 and is therefore in default;

**WHEREAS** the Leases provide that in the event of default, which includes non-payment under the lease, Plaintiffs may at any time thereafter "take immediate possession of, or disable or shut off, the Equipment" or "require Lessee to return all Equipment at its expense to a place designated by Lessor;"

**WHEREAS** it is undisputed that Plaintiffs are the rightful owners of the Equipment;

**WHEREAS** it is undisputed that Defendant has had possession of the Equipment since at least August 2012 which the Court finds to be ample time to have conducted any inspections of the Equipment relevant to this litigation;

**WHEREAS** the Court finds there is no genuine issue of material fact as to Plaintiffs' entitlement to possession of the Equipment;

**IT IS** on this _17_ day of December, 2013;

**ORDERED** that Plaintiffs' motion for partial summary judgment as to Count Six of Plaintiffs' Complaint is **granted**;

**ORDERED** that Defendant is to transfer possession of the Equipment to Plaintiffs, at

2

Defendant's expense, within thirty (30) days from the issuance of this Order;

**ORDERED** that Plaintiffs are to maintain the Equipment so that it is available for potential inspection or other evidentiary use during this litigation pending a final determination by the Court.

_____
Dennis M. Cavanaugh, U.S.D.J.

Original:     Clerk
cc:           All Counsel of Record
             Hon. James B. Clark, U.S.M.J.
             File