NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADP DEALER SERVICES, INC., as successor-in-interest to ADP, Inc., and ADP COMMERCIAL LEASING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN CALIFORNIA FLEET SERVICES, INC., d/b/a SOUTHERN CALIFORNIA FLEET SERVICES – CORONA and SOUTHERN CALIFORNIA FLEET SERVICES, INC. d/b/a SOUTHERN CALIFORNIA FLEET SERVICES, INC. – ESCONDIDO,<br><br>Defendants. | Civil Action No. 13-cv-00334 (SDW) (MCA)<br><br>**OPINION**<br><br>April 16, 2014 |

WIGENTON, U.S.D.J.

This matter comes before the Court upon motion by Defendant Southern California Fleet Services, Inc. ("SoCal" or "Defendant"), pursuant to Local Civil Rule 7.1(i), for reconsideration of the Court's Opinion and Order (August 9, 2013, ECFs No. 30, 31) denying Defendant's motion to transfer the case to the United States District Court for the Central District of California. (Mot. for Recons., August 23, 2013, ECF No. 32). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendant's motion for reconsideration is **denied.**

I.     **BACKGROUND**[1]

This action was instituted by ADP Dealer Service, Inc. ("ADPDS") and ADP Commercial Leasing, LLC, ("ADPCL") (collectively "Plaintiffs") against SoCal to resolve a contract dispute arising out of SoCal's nonpayment for services and equipment provided by Plaintiffs. Plaintiffs are both incorporated in Delaware with their principal places of business in New Jersey. ADPDS is the successor-in-interest of ADP, Inc. to the Master Service Agreement ("MSA") at issue in this lawsuit. SoCal is incorporated and headquartered in California.

ADPDS entered into the MSA with SoCal to provide programs, equipment, and services to SoCal to help operate and run its business. Payments were to be remitted to Illinois. SoCal also entered into two equipment leases with ADPCL (the "Leases"). Plaintiffs claim that SoCal stopped making payments on the MSA and the Leases and thus owes Plaintiffs for the balance of the contracts, plus additional accruing late charges, interest, and fees.

Both the MSA and the Leases contain forum selection clauses that require SoCal to consent to jurisdiction in federal court in the State of New Jersey and designate the U.S. District Court, District of New Jersey, Newark, New Jersey as proper venue. The Leases state that they were accepted and negotiated in New Jersey. The MSA and Leases also specify that they are governed by the laws of the State of New Jersey.

On January 8, 2013, SoCal filed a complaint in the Superior Court of the State of California, County of Riverside against Plaintiffs, seeking to rescind the agreements made between the parties based on alleged intentional fraud and negligent misrepresentation. On January 16, 2013 Plaintiffs commenced this action in New Jersey. On April 1, 2013, after Plaintiffs removed Defendant's California action to federal court, the United States District Court for the Central District of California, Eastern Division ("CDCA") granted Plaintiffs'

---

[1] The facts set forth in this Opinion are taken from the parties' respective moving papers and filings.

2

motion to dismiss the action based on the forum selection clause. (ECF No. 24). On August 9, 2013, this Court denied SoCal's motion to transfer venue to the Central District of California, Eastern Division pursuant to 28 U.S.C. § 1404(a). (ECF Nos. 30, 31). SoCal now seeks reconsideration of the Court's denial of its motion to transfer venue.

## II. LEGAL STANDARD

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(i). A motion pursuant to Local Rule 7.1(i) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993); see also North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. See Bermingham v. Sony Corp. Of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration is not an appeal. It is improper on a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

## III. DISCUSSION

SoCal first argues that the Court committed a manifest error of law or fact when it stated that this "case concerns SoCal's alleged breach of contract and non-payment, not the claims contained in SoCal's dismissed suit against the Plaintiffs." (ECF No. 30, p. 8). According to

SoCal, because the CDCA dismissed its claims without prejudice, those claims of fraud and negligent misrepresentation will be part of this case. However, at the time of the motion to transfer, the only claims before the Court were those contained in Plaintiff's Complaint. Therefore, the Court's characterization of the case as one for "breach of contract and non-payment" is not a manifest error.

Next, SoCal asserts that the Court's findings that the applicable contracts were negotiated, accepted and signed in New Jersey is a clear error of fact. However, as SoCal admits, the contracts contain language stating that they were negotiated and accepted in the State of New Jersey (ECF No. 32-1, p. 5) and thus by executing them, SoCal agreed that they would be considered "negotiated and accepted in the State of New Jersey." (ECF No. 20-1, ¶ 12). Given the contractual language, this Court finds it committed no error of fact.

SoCal contends that the contracts were negotiated in California and that the contract claims accrued in California. In addition, SoCal reasserts its concern that one of its key witnesses, Edward Prisco, whose whereabouts are unknown, would more likely be able to attend trial in California as opposed to New Jersey. These are the same arguments SoCal made in connection with its original transfer motion. SoCal's dissatisfaction with the Court's decisions on these issues is not a basis for a motion for reconsideration. The law is clear that a party's mere disagreement with the court's decision "should be dealt with in the normal appellate process, not on a motion for reargument under [the] Local Rule." Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988).

SoCal contests the finding that ADPDS's principal place of business is in New Jersey. However, as stated in ADPDS's Complaint and as reflected in ADPDS's application for

authority to transact business in Illinois (ECF No. 34-1), ADPDS considers New Jersey to be its principal place of business. Thus, as to this finding, the Court did not commit an error of fact.

SoCal asserts that the Court's statement that the CDCA "dismissed the Defendant's action, finding that the forum selection clause precludes SoCal from litigating outside of New Jersey" (ECF No. 31, p. 10) is a clear error of fact. This Court disagrees and finds this statement to be accurate. Although the forum selection clause may be permissive for actions commenced by Plaintiffs, it requires all actions filed against Plaintiffs to be filed in New Jersey. Thus, the forum selection clause does preclude SoCal from initiating any litigation against Plaintiffs outside of New Jersey.

SoCal also takes issue with this Court's language that the CDCA "would not accept" and "will not hear" this case. However, the Court's prior Opinion made it clear that the CDCA dismissed the case without prejudice based on the forum selection clause and not on the merits. The language used by this Court is not inaccurate and thus does not demonstrate an error of fact.

SoCal disagrees with the Court's decision to give Plaintiffs' choice of forum "substantial weight." (ECF No. 30, p. 7-8). However, this Court was simply applying the "black letter law that plaintiff's choice of proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). In addition, this Court specifically noted that "a plaintiff's interest in a choice of forum decreases where "the central facts of a lawsuit occur outside the chosen forum." (ECF No. 30, p. 7) (citing In re Consolidated Parlodel Litig., 22 F. Supp. 2d 320, 323-24 (D.N.J. 1998). This Court provided a detailed analysis and concluded that the claims arose in New Jersey. SoCal points to no new evidence that was not presented to this Court to change the resulting analysis.

5

SoCal also takes issue with this Court's decision to give SoCal's forum choice "very little weight due to the provisions of the forum selection clause." (ECF No. 30, p. 8). SoCal relies on Travelodge Hotels, Inc. v. Perry Developers, Inc., No. 11-1464, 2011 WL 5869602, *5 (D.N.J. Nov. 22, 2011) to support its argument that clear error was committed. However, Travelodge Hotels, a cased cited in this Court's Opinion, is distinguishable. In Travelodge Hotels, the Court concluded that the activities giving rise to the litigation occurred in Missouri, as opposed to New Jersey, whereas here, the Court found that the activities giving rise to the litigation occurred in New Jersey. Moreover, in Travelodge Hotels, the applicable forum selection clause was permissive to all parties. Therefore, as to the weight given to each party's choice of forum, SoCal has failed to present any legitimate grounds for reconsideration.

Motions for reconsideration are an "extraordinary remedy" only "to be granted sparingly." NL Indus. Inc., 935 F. Supp. at 516. "Reconsideration is not warranted . . . where (1) the movant simply repeats the cases and arguments previously analyzed by the court, or (2) the movant has filed the motion merely to disagree with or relitigate the court's initial decision." CPS MedManagement LLC v. Bergen Regional Med. Ctr., L.P., 940 F. Supp. 2d 141, 167-68 (D.N.J. August 8, 2013). It is clear that SoCal has not met the heavy burden required for reconsideration. SoCal has presented (1) no intervening change in the controlling law; (2) no previously unavailable evidence; and (3) no clear error of law or fact. SoCal's arguments in support of its motion are primarily either ones that have already been considered or an expression of its disagreement with this Court's prior analysis and conclusions. Essentially, SoCal is asking this Court to "rethink what it has already thought through," which is improper on reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is **denied.** An appropriate Order accompanies this Opinion.

s/Susan D. Wigenton
Susan D. Wigenton, U.S.D.J.

Date:      April 16, 2014
Original:  Clerk's Office
cc:        Hon. Madeline C. Arleo, U.S.M.J.
           All Counsel of Record
           File

7